# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

     v.                        :        **CRIMINAL NO. 19-417**

**JUSTIN DAVID MAY**             :

## <u>PRETRIAL DETENTION ORDER</u>

AND NOW, this      day of             , 2019, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

        (a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

        (b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because

        1.      There is probable cause to believe that the defendant has violated 18 U.S.C. § 1341.

        2.      The evidence in this case is strong and consists of bank records, shipping records, eBay records, anticipated witness testimony, and other physical evidence.

3.     The maximum sentence for each violation of 18 U.S.C. § 1341 (mail fraud) as charged in the indictment is 20 years imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment. Therefore, the defendant faces a total statutory maximum of 440 years' imprisonment, a three-year period of supervised release, a $5,500,000 fine, and a $2,200 special assessment. The potential guidelines range the defendant now faces based on the conduct charged in this case, coupled with the charges to which the defendant has already pled guilty in CR 18-026, is 97 to 121 months' incarceration. Accordingly, the defendant has a substantial incentive to flee.

4.     The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, increases the high risk that the defendant will not appear as required by the Court.

5.     The defendant has demonstrated an inability to comply with release conditions has he has been charged with engaging in new criminal conduct while on pretrial release in CR 18-026, and appears to have violated his travel restrictions in that case on approximately nine separate occasions.

6.     The defendant also has a criminal history that includes convictions for making terroristic threats and engaging in violence.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE CAROL S. MOORE WELLS
*United States Magistrate Judge*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : **CRIMINAL NO. 19-417** |
| JUSTIN DAVID MAY | : **(FILED UNDER SEAL)** |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Defendant JUSTIN DAVID MAY is an habitual fraudster with no respect for the law, a proven inability to both follow court orders and refrain from committing fraud, and a history of violent outbursts. He has been indicted again for fraud – the same exact type of fraud he has already pled guilty to – and committed this new fraud while pending sentencing in the other case. Specifically, after pleading guilty on September 6, 2018 in case CR 18-026 to 20 counts of mail fraud, 10 counts of money laundering, three counts of interstate transportation of stolen goods, and two counts of tax evasion for orchestrating schemes to defraud Cisco Systems and Microsoft millions of dollars worth of computer hardware (that defendant MAY then sold at a discount), United States District Judge Joel H. Slomsky allowed defendant MAY to remain free on bond pending sentencing. (Of course, the terms of defendant MAY's bond require that he refrain from committing any other crimes, and also restrict his travel between the Eastern District of Pennsylvania and the District of Delaware unless he receives prior approval from pretrial services.) Defendant MAY's cooperation plea agreement with the government also requires that he not commit any additional crimes as such conduct would constitute a breach. Despite these significant incentives to refrain from committing new crimes and to follow his release conditions, defendant MAY has been supporting himself not with a legitimate job, but rather

through the commission of virtually identical fraud against two new companies, Lenovo and APC, as charged in the new indictment in this case. This new fraud led to the charges in this case, and on July 22, 2019, United States District Judge Chad F. Kenney signed an order directing that defendant MAY be detained pending a violation hearing before Judge Slomsky.

In addition to violating his release conditions by engaging in new criminal conduct, defendant MAY also has on at least 9 occasions violated his travel restrictions by traveling to New York, New Jersey, Maryland, and Virginia without first receiving prior approval from pretrial services. Clearly, defendant MAY has proven himself to be unable and unwilling to comply with court orders.

Moreover, given the new charges, defendant MAY has a strong incentive to flee to avoid incarceration. In this new case, defendant MAY is facing an advisory guideline range of 41 to 51 months' incarceration. Further, in the case in which he has already pled guilty, defendant MAY will be facing a potential total offense level of 29, Criminal History Category II, for a sentencing range of 97 to 121 months' incarceration, and will not be receiving any Section 5K1.1 motion (the government will be arguing that he does not gain -3 for acceptance of responsibility due to his commission of new crimes).

Not only do the additional charges coupled with MAY's travel restriction violations prove him to be a flight risk, but defendant MAY's past conduct has shown him to be a danger to the community as well. In fact, a few months after pleading guilty in CR 18-026, defendant MAY pled guilty on November 7, 2018 in the New Castle County Court of Common Pleas to terroristic threats based on his verbal altercation with the manager of a Toyota dealership. In a recorded call, defendant MAY threatened the manager that he would "beat your

f\*\*king ass with a tire wrench that's in the f\*\*king trunk." The defendant was sentenced to six months of probation in that case. In a similar incident in 2012, the defendant was convicted of criminal mischief and disorderly conduct in the New Castle County Court of Common Pleas based on his getting into a fight at the New Castle Public Library during which defendant MAY told a library patron to go "f\*\*k himself" and then struck the patron with a computer keyboard after the patron asked defendant MAY to get off of his cell phone because he was speaking loudly in the library. Defendant MAY has also engaged in similar verbally abusive conduct with UPS Store employees, who report that they remember defendant MAY very well because he frequently yells and curses at them if they do not wait on him quickly enough. Defendant MAY also was involuntarily committed for approximately one week in 2011 due to threats to hurt himself and his mother.

Because defendant MAY has proven to be unable to follow Court orders and refrain from committing crimes while on pretrial release, he is a proven flight risk. Because he has a proven history of engaging in threats of violence and actual violence, he is a proven danger to the community. Because no condition or combination of conditions will reasonably assure the defendant's appearance as required and/or the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

## I.   **THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

### A.     **Probable Cause And The Indictment**

There is probable cause to believe that the defendant has committed mail fraud, as charged in the indictment filed in this case on July 18, 2019. The grand jury in this case charged that the defendant engaged in what is referred to as "warranty fraud," and after obtaining the serial numbers for legitimate products sold by Lenovo and APC, defendant MAY lied to those companies, posed as someone else, claimed he owned broken products that were covered by their warranties, and induced Lenova and APC to ship "replacement" products to him with a promise that he would return the "broken" product. As charged by the grand jury, defendant MAY never owned the "broken" product in question, never returned any products to Lenovo or APC, and instead sold the "replacement" product they shipped him through his eBay account.

A review of the indictment in CR 18-026 reveals that this is the precise type of fraud that defendant MAY committed against Cisco Systems and Microsoft that led to his indictment and pleas of guilty in that case. Yet rather than obtaining a legitimate job while pending sentencing, defendant MAY apparently did exactly what he did in the first case except with new victim companies.

The evidence in this case consists of records showing defendant MAY's ordering of the items in question, shipping records showing the shipment to addresses tied to defendant MAY (including his home address) and to UPS stores frequented by defendant MAY, the testimony of UPS store employees who have identified defendant MAY as the person who picked up the fraudulently-obtained items, eBay records showing the items were sold through defendant MAY's eBay seller account, and PayPal and bank records showing that the proceeds from the sale of the items were deposited into defendant MAY's bank account. In addition, when

he was arrested on July 22, 2019, defendant MAY made statements blaming the agents in this case for failing to get him a legitimate job.

**B.** **Maximum Penalties and Likely Guideline Range**

The maximum sentence for each violation of 18 U.S.C. § 1341 (mail fraud) as charged in the indictment is 20 years imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment. Therefore, defendant MAY faces a total statutory maximum of 440 years' imprisonment, a three-year period of supervised release, a $5,500,000 fine, and a $2,200 special assessment.

Defendant MAY's likely sentencing guidelines calculation on the instant case is the following:

| | |
|---|---|
| Base Offense Level (§§ 2B1.1(a); 2S1.1(a)(1)): | 7 |
| More than $150,000 intended loss but Less than $250,000 (§ 2B1.1(b)(1))(F)): | + 10 |
| Sophisticated Means (§ 2B1.1(b)(10)(C)): | + 2 |
| Total Offense Level: | 19 |

Likely Guideline Range: 33 –41 months (at Criminal History Category II).

Moreover, by his conduct of engaging in additional fraud while on pretrial release and while ostensibly cooperating with the government, defendant MAY is now in breach of the plea agreement he signed and will not be receiving any Section 5K1.1 motion. Further, the government is no longer bound by any sentencing stipulations in that agreement. Currently, the probation office has estimated that defendant MAY is facing the following advisory guideline range in CR 18-026 based on intended loss figures of $3,449,509:

| | |
|---|---|
| Base Offense Level (§§ 2B1.1(a); 2S1.1(a)(1)): | 7 |

More than $1,500,000 intended loss but
    Less than $3,500,000 (§ 2B1.1(b)(1))(I)):      + 16

Sophisticated Means (§ 2B1.1(b)(10)(C)):      +  2

Registering False Domain Name (§ 3C1.4)      +  2

Total Offense Level:      27

Likely Guideline Range: 78 to 97 months (at Criminal History Category II).

If defendant MAY's new fraud (intended loss of $154,400) is added to and aggregated with the old fraud to which he pled guilty, it would raise the fraud loss to over $3,500,000, which would increase the defendant's total offense level to 29, yielding a sentencing range of 97 to 121 months' incarceration.

### C.    <u>Criminal Record and Violation of Pretrial Release Conditions</u>

Defendant MAY was convicted on December 3, 2012, of criminal mischief and disorderly conduct by fighting in the New Castle County Court of Common Pleas, and was sentenced to 30 days' confinement (suspended). As stated above, this stemmed from an altercation in the library during which defendant MAY cursed at and then assaulted a library patron who asked him to stop talking on his cellular phone. Defendant MAY was also convicted on November 7, 2018 (while on pretrial supervision in his federal case and after his pleas of guilty in the federal case on September 6, 2018) in the New Castle County Court of Common Pleas of terroristic threats. As stated above, defendant MAY threatened a manager of a car dealership with violence.

Defendant MAY's criminal record also includes a June 9, 2019 incident in Delaware in which he was stopped by the police for driving with a suspended license and expired

tags, a 2012 case from New York involving petit larceny and criminal possession of stolen property that shows no reported disposition, and a 2010 case from Boston for larceny and receiving stolen property that was ultimately dismissed.

Defendant MAY's inability to follow rules is also reflected in the at least 9 incidents that we can prove he violated his pretrial release terms in CR 18-026 by travelling to states other than Pennsylvania (EDPA) and Delaware without getting prior approval form his pretrial services officer. For example, on July 16, 2019, defendant MAY received a speeding ticket in New Jersey, despite having never requested prior approval from his pretrial services officer. When questioned by his pretrial services officer about this, defendant MAY claimed that he made a wrong turn and ended up in New Jersey. Defendant MAY's bank records show that he made debit card purchases in New York, New Jersey, Maryland, and Virginia, on the following dates, and his pretrial services officer has confirmed that he never asked for permission to travel outside of EDPA or Delaware on these dates:

1. 11/30/18 – Brooklyn, NY

2. 12/03/18 – Brooklyn NY, Ridgefield NJ

3. 12/05/18 – East Brunswick NJ, Cherry Hill NJ

4. 12/14/18 – Milltown NJ, Brooklyn NY, Staten Island NY

5. 01/09/19 – Baltimore MD, Leesburg VA

6. 01/10/19 – Owings Mills MD

7. 01/17/19 – Richmond VA, Midlothian VA

8. 02/17/19 – Baltimore MD.

Clearly, defendant MAY has been doing as he pleases while on pretrial release, driving up and down the east coast, without requesting permission to do so. His criminal history and his record of non-compliance while on pretrial release prove him to be a flight risk.

### C. **Danger**

Defendant MAY has also proven himself to be a danger to the community. As his criminal record reflects, he has two convictions for using violence or threatening to use violence. He has a clear anger management problem. The evidence in this case will show that defendant MAY yells and curses at UPS employees if they do not wait on him fast enough. His actions in engaging in new criminal conduct while on release, coupled with his past violations of his release conditions and history of making threats and using violence reflects that he remains a danger to society.

### D. **Lack of Employment**

Defendant MAY has refused to obtain a legitimate job the entire time he has bene on pretrial release. Instead, he supported himself by fraud. Apparently, he has not even told his parents about the charges in the other case or his pleas of guilty. He has no way of paying his rent because he refuses to work.

## II. **CONCLUSION**

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for

Defendant's Pretrial Detention should be granted.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

MICHAEL S. LOWE
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for Pretrial Detention, and

Proposed Order was served by email on

Natasha Taylor-Smith
Federal Community Defender Office
601 Walnut Street
Suite 540 West
Philadelphia, PA 19106
Natasha_Taylor-Smith@fd.org

/s/ _____
MICHAEL S. LOWE
Assistant United States Attorney

Date: July 23, 2016